UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MIGUEL A. LAURENZANA and**
**MERARI A. LAURENZANA,**
    Plaintiffs,

vs.                                                                                          No. 1:14-cv-159-JAP/KBM

**COUNTRYWIDE KB HOME LOANS,**
**A COUNTRYWIDE MORTGAGE VENTURES LLC**
**SERIES, BANK OF AMERICA CORPORATION,**
**SUCCESSOR TO COUNTRYWIDE MORTGAGE**
**VENTURES, LLC SERIES, AND BAC HOME LOANS**
**SERVICING, LP, F/K/A/ COUNTRYWIDE HOME**
**LOANS SERVICING, LP,**
    Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 9, 2014, Plaintiffs filed a complaint in the Second Judicial District Court for the District of New Mexico, which focused almost solely on Defendants' alleged misconduct during the 2007 origination of Plaintiffs' home loan. On May 5, 2014, after Defendants had removed the case and moved to dismiss the complaint, this Court entered an order dismissing all of Plaintiffs' claims as barred by the applicable statute of limitations. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 12). In making this determination, the Court noted that Plaintiffs' complaint contained a New Mexico Unfair Practices Act (UPA) claim that was arguably within the statute of limitations: Plaintiffs alleged that Defendants failed to properly service Plaintiffs' loan in compliance with the UPA. However, because Plaintiffs never discussed these allegations in the briefing, the Court found that Plaintiffs had abandoned any such claims. *Id.* at 6.

On June 3, 2014, Plaintiffs filed a motion to reconsider the dismissal of the UPA claims related to loan servicing. *See* MOTION FOR RECONSIDER [sic] (Doc. No. 14) (Motion).

Plaintiffs do not ask the Court to reconsider the dismissal of their other claims, including a UPA claim arising from the origination of Plaintiffs' home loan. Nonetheless, Defendants oppose Plaintiffs' Motion on the basis that (1) Plaintiffs' UPA "servicing" claims are barred by the statute of limitations, (2) Plaintiffs' UPA claims fail as a matter of law under Fed. R. Civ. P. 12(b)(6), and (3) Plaintiffs' UPA claims are "nothing more than improper HAMP-based claim[s]." *See* DEFENDANT'S OPPOSITION TO THE MOTION TO RECONSIDER (Doc. No. 15). Because the Court concludes that Plaintiffs have not stated adequate grounds for the Court to reopen its prior decision, the Court will not address Defendants' arguments.

The rules of civil procedure allow a party to object to an order or decision through either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). "If a motion is timely under both rules, how [the court] construe[s] it depends upon the reasons expressed by the movant." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Here, Plaintiffs contend that the Court "was not fully advised" about the UPA issue and therefore misunderstood the Plaintiffs' position. Motion at 1. This would normally be grounds to alter or amend the judgment under Rule 59. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (under Rule 59, the Court may grant a motion for reconsideration if the movant shows that "the court has misapprehended the facts, <u>a party's position</u>, or the controlling law") (emphasis added).

However, Plaintiffs unfortunately filed their motion to reconsider on June 3, 2014, one day after the Rule 59 twenty-eight day deadline. *See* Fed. R. Civ. P. 59; *Miller v. Kansas Highway Patrol*, 383 F. App'x 813, 815 (10th Cir. 2010) (unpublished). Because the Court is not permitted to extend this deadline, *see* Fed. R. Civ. P. 6(b)(2); *Payne v. Turley*, No. 12-4213,

2014 U.S. App. LEXIS 9602, at *4 (10th Cir. May 23, 2014) (unpublished), the Court must treat Plaintiffs' Motion as a motion seeking relief from the judgment under Rule 60(b).

"[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances," *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006), namely for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The only circumstance that is arguably relevant in this case is attorney "mistake, inadvertence, surprise, or excusable neglect." However, in the motion to reconsider, Plaintiffs never explain their initial failure to support or defend the UPA "servicing" claims, which lead directly to the dismissal of these claims. Nor do they make any argument in support of Rule 60(b) relief. As a result, there is no evidence in the record from which the Court could conclude that Plaintiffs are entitled to relief from the Court's prior decision. Thus, the Court must deny Plaintiffs' Motion.

IT IS ORDERED that Plaintiffs' MOTION FOR RECONSIDER [sic] (Doc. No. 14) is denied.

*[signature: James A. Parker]*

SENIOR UNITED STATES DISTRICT JUDGE

3